FILED

12/28/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 17-0261

DA 17-0261

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 323N

ALLAN J. GERHART,

      Plaintiff and Appellant,

    v.

KALVIG & LEDUC, P.C., KALVIG LAW FIRM, P.C.,
BRUCE FREDERICKSON, ANGELA LEDUC, and
LAKE COUNTY, a political subdivision,

      Defendants and Appellees.

APPEAL FROM:    District Court of the Eleventh Judicial District,
                 In and For the County of Flathead, Cause No. DV-14-914(D)
                 Honorable Dan Wilson, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Kim T. Christopherson, Christopherson Law Office, P.C.,
          Kalispell, Montana

      For Appellees Kalvig & LeDuc, P.C., Kalvig Law Firm, P.C.,
      Bruce Fredrickson, and Angela LeDuc:

          Mikel L. Moore, Katherine A. Matic, Moore, Cockrell, Goicoechea
          & Johnson, P.C., Kalispell, Montana

      For Appellee Lake County:

          Walter E. Congdon, Civil Deputy Lake County Attorney,
          Polson, Montana

                           Submitted on Briefs:  December 13, 2017
                                  Decided:  December 28, 2017

Filed:

_____
                   Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Allan Gerhart appeals from the District Court's order granting summary judgment to the defendants and denying summary judgment to Gerhart.  We affirm.

¶3     This case arises from Gerhart's effort in 2007 to secure a road approach permit from Lake County.  When the County denied the permit, Gerhart sued the County in United States District Court, claiming a right to damages pursuant to 42 U.S.C. § 1983. The United States District Court dismissed Gerhart's complaint.  He secured new attorneys (the Kalvig defendants) and successfully appealed the dismissal to the Ninth Circuit Court of Appeals. Just before the scheduled trial in 2011, Gerhart's attorneys learned that an adjacent landowner had offered him an alternate and possibly superior easement to his property.  The attorneys advised Gerhart that this information greatly diminished the value of his claim against the County, and advised him to settle.  Gerhart subsequently agreed to settle that claim for $100,000 and the County's approval of his road approach permit.

¶4     The County tendered the settlement amount and Gerhart signed a settlement document acknowledging the terms.  In December 2011 Gerhart's attorneys distributed

the settlement proceeds, withholding their unpaid fees, the cost of the prior mediation, and $20,000 to account for a lien for fees asserted by his original attorneys. Gerhart received slightly over $38,000. Shortly thereafter Gerhart terminated his relationship with the Kalvig defendants.

¶5 Over two years later, in 2014, Gerhart appeared through his present attorney demanding that the Kalvig defendants pay over to him the $20,000 they had retained from the settlement amount to account for the asserted attorney fee lien. The Kalvig defendants paid the money to Gerhart. In August 2014 Gerhart filed the current action in the Eleventh Judicial District Court against his former attorneys and Lake County. The defendants moved for summary judgment.

¶6 Gerhart's complaint contained a number of counts purporting to state claims for legal malpractice against the Kalvig defendants and for breach of contract against Lake County. Gerhart claimed, in summary, that his attorneys had misled him into settling with the County, that they never actually secured a written access permit from the County, and that they breached duties owed to him by withholding the $20,000 from the settlement proceeds. Gerhart claimed that the County breached the settlement agreement by not providing him with a separate written access permit. The District Court analyzed Gerhart's claims against the attorneys, concluding that they were barred by the statute of limitations or that they failed to state claims on their face. The District Court determined that the claim against the County failed because Gerhart clearly had a written agreement acknowledging his right to the requested access.

3

¶7 The District Court properly granted summary judgment against Gerhart. Despite his attempts to mischaracterize the situation, Gerhart won his dispute with the County and signed a written settlement agreement. He recovered a substantial amount of money from the County along with an acknowledgment that he had a right of access. His attorneys contend that he withheld critical information about a second potential access to his property, while Gerhart contends that his attorneys incorrectly analyzed the effect of this evidence and misled him into the settlement. Despite Gerhart's strenuous objection, the District Court was not required to accept Gerhart's rebranding of his fraud claims as malpractice claims in order to secure a longer statute of limitations.

¶8 The District Court correctly held that Gerhart failed to demonstrate that any defendant is liable to him under any of the claims raised in the complaint below.

¶9 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, this case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶10 Affirmed.

/S/ MIKE McGRATH

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ DIRK M. SANDEFUR
/S/ BETH BAKER
/S/ LAURIE McKINNON

4